Dear Mr. Johnson:
This office is in receipt of your opinion request of recent date wherein you ask whether the drug test results acquired from participants in "drug courts" should be made a part of that defendant's case record.
Our response is governed by the provisions of The Drug Division Probation Program, LSA-R.S. 13:5304. Therein note that the drug test results acquired from the defendants can only be used for the following reasons: 1) To ensure that the defendant adheres to all the requirements of the drug division probation program, 2) To prove that the defendant has not adhered to the requirements of the drug division probation program, 3) To prove that defendant deserves the relief ultimately attained as a result of the drug division program.
The uses of the drug test results, which are applicable, are found in LSA-R.S. 13:5304. It states in pertinent part:
 D. (1) As long as the probationer follows the conditions of his agreement, he or she shall remain on probation. At the conclusion of the period of probation, the district attorney, on the advice of the person providing the probationer's treatment and the probation officer, may recommend one of the following courses of action:
 (d) That probation be revoked and the probationer be sentenced because the probationer has not successfully completed the treatment and has violated one or more conditions of the probation; or if already sentenced the probationer be remanded to the appropriate custodian for service of that sentence.
 (e) That the period of probation be extended so that probationer may continue the program.
 (f) That probationer's conviction be set aside and the prosecution dismissed because probationer has successfully completed all the conditions of his or her treatment agreement.
 L. (1) Except as otherwise provided for by law, the registration and other records of a treatment facility are confidential and shall not be disclosed to any person not connected with the treatment facility or the drug division and district attorney without the consent of the patient.
 M. No statement, or any information procured therefrom, which is made to any probation officer or alcohol treatment worker subsequent to the granting of probation, shall be admissible in any civil or criminal proceeding, except a drug division probation revocation proceeding.
Once the defendant has successfully completed the program, the drug test results acquired during the program no longer have any use. The results can't be used in any future civil or criminal proceeding. The only qualified uses for the results all take place during a defendant's probation.
Furthermore note that the fact that the defendant has participated in the drug division probation program does need to be recorded to ensure that individuals do not participate in the program more than once, which is unlawful.
The limitations on defendant's participation, which are applicable, are found in LSA-R.S. 13:5304(N). It states in pertinent part:
 N. A record of the fact that an individual has participated in a drug division probation program shall be sent to the office of the attorney general and shall be made available on request to any district attorney for the purpose of determining if an individual has previously participated in a drug division program.
The defendant's actual drug test results are not necessary to prove whether he has previously participated in the program.
Therefore, we conclude that the defendant's drug test results should only be on record during his participation in the program. Once the program has been successfully completed or terminated by revocation proceeding, the fact that he has participated in the program shall be the only information remaining on record.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ PAUL KNIGHT ASSISTANT ATTORNEY GENERAL
PK/kw/jy
Date Released: September 13, 2002